```
               UNITED STATES  DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

RANDY ANCAR, JR.                                         CIVIL ACTION

versus                                                   NO. 06-8499

LEXINGTON INSURANCE COMPANY                              SECTION: E/1
ET AL

### ORDER AND REASONS

Plaintiff Randy Ancar, Jr.'s ("Ancar") motion to remand this case to the 25th Judicial District Court for the Parish of Plaquemines is before the Court. Record document #4. Defendant Lexington Insurance Company ("Lexington") opposes the motion. After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED.

### FACTS AND PROCEDURAL BACKGROUND

Ancar owns a home in the town of Port Sulfur, in Plaquemines Parish, Louisiana.[1] During 2005, he was insured by a homeowner's insurance policy issued by Lexington, a foreign insurer doing business in Louisiana, purchased through defendant The Insurance Center of New Orleans, L.L.C. ("The Insurance Center"), an agent of Lexington. The Insurance Center is a Louisiana corporation. Ancar's home sustained significant damages as a result of Hurricane Katrina. According to his Petition, Lexington has paid only and "insignificant portion" of his policy coverage pursuant to his claim on his homeowner's policy. He filed suit in state

---

[1] See, generally, Petition for Breach of Contract and Damages.

court against defendants; Lexington removed the suit to federal court alleging diversity jurisdiction. Lexington argues that The Insurance Center[2] is improperly joined in an attempt to defeat diversity jurisdiction, and that the jurisdictional amount of $75,000.00 is met[3]. Lexington also argues that Ancar's claims against The Insurance Center are perempted pursuant to La. R.S. 9:5606.

## ANALYSIS

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).

---

[2] Ancar also named as a defendant Wendell Bruffet, the Lexington adjuster who handled his claim. There is no evidence in the record that Mr. Bruffet has been served with the Petition, therefore his presence is ignored for purposes of this motion to remand.

[3] Ancar does not dispute the assertion that his claim is for more than $75,000.00.

Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. <u>Manguno</u>, 276 F.3d at 723. When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues. <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938).

This Court has numerous motions to remand pending in cases similar to this one, most of which present the same legal issues. The legal standards for improper joinder, and for Louisiana law regarding the duties of an insurance agent to the insured, have repeatedly been set forth in similar cases pending in the Eastern District in recent months. *See, e.g.,* <u>Dobson v. Allstate Insurance Co.</u>, 2006 WL 2078423, *4 (E.D.La.); <u>Fidelity Homestead Association v. Hanover Insurance Co.</u>, – F.Supp.2d –, 2006 WL 2873562 (E.D.La.); <u>Southern Athletic Club, LLC v. Hanover Insurance Company</u>, 2006 WL 2583406 *3 (E.D.La.); <u>Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co.</u>, 2006 WL 2925448 (E.D.La.); <u>Tomlinson v. St. Paul Fire & Marine Ins. Co.</u>, 2006 WL 2632105 (E.D.La.); <u>Bohannan v. Allstate Insurance Company</u>, 06-7550 (E.D.La. December 2006).

<u>Improper Joinder</u>

Lexington argues that Ancar's claims in this case are analogous to the claims made against the insurance agent in <u>Parker v. Lexington Insurance Co., et al</u>, 2006 WL 3328040 (E.D.La 11/15/2006), in which Judge Zainey denied plaintiff's motion to

remand based on a finding that his complaint did not state a claim under Louisiana law against the non-diverse insurance agent.  Id. at *4.  In that case, Judge Zainey examined Louisiana jurisprudence regarding the duty imposed on insurance agents under Louisiana law.  Id. at *3.  He concluded that "two common threads emerge in those cases in which an insured states a cause of action against the agent."  Id.  The first is where the agent has negligently failed to procure the coverage requested by the insured; the second is where the courts expanded upon Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728 (La. 1973), "to find that an agent owes a duty to the insured to affimatively inform the client of certain information, *e.g.* changes in the federal flood policy and the esoteric aspects of Louisiana insurance law that might affect the type of policy selected by the insured."  Id.

> In other words, the information that the
> agent had a duty to provide was something
> about which the agent had superior knowledge
> given his insurance expertise, and the
> agent's specific knowledge of the insured's
> individual situation triggered that duty to
> disclose.

Id.

In Parker, the plaintiffs alleged that the agent had a duty to advise them to purchase flood coverage with higher limits, and that his failure to do so caused them to be underinsured.  Id. *4.  Judge Zainey concluded that, under the facts alleged by the

plaintiffs, what they were claiming was that Louisiana law required the agent to procure an independent appraisal of their property prior to allowing them to renew their policy, but that Louisiana law imposes no such duty.  Id.  Lexington argues that here, as in Parker, the plaintiff is asking that the Court impose a duty on an insurance agent to spontaneously identify a client's needs and advise him as to whether he is underinsured, citing to Dobson, id. at *10, as support.

Ancar cites Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531 (E.D.La. 4/25/2006), in support of its motion to remand.  In that case, Judge Fallon found that the plaintiffs' Petition alleged that their agent agreed "to review all coverage and provide them with the best coverage available" and "told them that their coverage was adequate," that they alleged that the agent owed them "a duty of reasonable diligence", and that they relied on his representations and believed that he had reviewed their policy as they had requested.  Landry, 428 F.Supp.2d at 536.  Judge Fallon concluded as follows:

> On its face, these allegations state a claim against [the agent].  Under Louisiana law, an insurance agent has a fiduciary duty to the insured for his own fault or neglect. Offshore Prod. Contractors, Inc., v. Republic Underwriters Ins. Co., 910 F.2dd 224, 229 (5th Cir. 1990).  A plaintiff must prove three elements to demonstrate the agent's liability: 1) an undertaking or agreement by the broker to procure insurance; 2) failure of the agent to use reasonable diligence in

>     attempting to place the insurance and failure
>     to notify the client promptly if he has
>     failed to obtain the insurance; and 3)
>     actions by the agent warranting the client's
>     assumption that the client was properly
>     insured.  Id., (citing Karam v. St. Paul Fire
>     & Marine Ins. Co., 281 So.2d 728, 730-31 (La.
>     1973)).  Plaintiffs have alleged all three
>     elements in their Petition for Damages.

Id. at 536-37.

In this case, Ancar's Petition alleges that he "requested professional advice regarding procuring insurance coverage from Defendant [] who assured the Plaintiff that the policy of fire (homeowner's) and flood insurance which he recommended would sufficiently cover and insure the Plaintiff for all the damages they would sustain during a hurricane."  Petition, ¶ IV.  He further alleges that he "relied on Defendant [] to procure adequate insurance coverage each year in order to insure that he has the correct type of insurance and the policy coverage amounts were sufficient to protect [him] from the damages caused by a hurricane."  Id., ¶ XIII.  He further alleges that "[d]uring the renewal period in June, 2005, The Insurance Center made misrepresentations in which he assured the Plaintiff that the Lexington fire (homeowner's) insurance policy would cover and insure them for all the wind, tornado and rain damage caused by a hurricane" when in fact it did not.  Petition, ¶ XIV.  Ancar has alleged all necessary elements of a claim against The Insurance Center under Louisiana law.  The Insurance Center is

not improperly joined.

## Peremption

Lexington argues that Ancar had one year from June 3, 2005, the date his Lexington insurance policy was issued, to file his claims against The Insurance Center. Because the claim was filed on August 28, 2006, according to the argument, Ancar's claims against The Insurance Center are perempted by operation of La. R.S. 9:6505. The argument is incorrect. The prescriptive period for filing a complaint is one year "from the date of the alleged act, omission, or neglect, *or within one year from the date the alleged act, omission or neglect is discovered or should have been discovered.*" La. R.S. 9:5606(A). Such an action is perempted under the statute if it is not filed within three years of the alleged act, omission, or neglect. Id. In Louisiana, a cause of action for negligence accrues, starting the prescriptive period, when a plaintiff suffers damages. Dobson v. Allstate Insurance Co., 2006 WL 2078423, *6 (E.D.La.), *citing* Cole v. Celotex, 599 so.2d 1058, 1064 n.15 (La. 1992). Ancar suffered his alleged damages when his home was destroyed by Hurricane Katrina on August 29, 2005, and Lexington subsequently refused to pay his claim. Ancar's claims against The Insurance Center are neither prescribed nor perempted.

Accordingly,

**IT IS ORDERED** that Randy Ancar, Jr.'s motion to remand is **GRANTED**, and the captioned matter, C.A. 06-7550, is hereby **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines.

New Orleans, Louisiana, January 10, 2007.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge